UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW STRICK,

    Plaintiff,

    v.

DOUG PITTS, *et al.*,

    Defendant.

Case No. C11-5110RBL

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. #22] AND GRANTING MOTION TO AMEND [DKT. #24]

THIS MATTER comes before the Court on a motion for judgment on the pleadings filed by the 38 defendants in this case. [Dkt. #22]. Plaintiff, who is proceeding *pro se*, alleges various civil rights violations under 42 U.S.C. § 1983. After defendants filed their motion, plaintiff filed a motion for leave to file an amended complaint. [Dkt. #24].

For the reasons set forth below, the Court denies the motion for judgment on the pleadings and grants leave to amend.

**I. FACTS**

In January 2005, plaintiff pled guilty in Thurston County Superior Court to second degree assault. He was sentenced to confinement for twelve months plus one day and community custody for thirty-six months.

Plaintiff contends that in January 2009, while he was in community custody, he was

ORDER - 1

arrested by Department of Corrections ("DOC") Community Custody Officers and charged with failing to obey all laws and threats to staff. [Complaint, Dkt. #1 at ¶ 7]. After his arrest, plaintiff was transported to the Washington Corrections Center in Shelton, Washington. Around January 8, 2009, he was transferred to the Monroe Correctional Complex, where he was housed in the mental health unit for one week until his transfer to the "F-Units." [*Id.* at ¶¶ 13, 14]. Plaintiff is no longer in custody. He brings claims under Section 1983 based on the fact of and circumstances surrounding his arrest in 2009, his housing assignments, and the conditions of his confinement.

## II. DISCUSSION

### A. Applicable Legal Standards

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and a motion to dismiss under Rule 12(b)(6) are virtually interchangeable. *See, e.g.*, *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "Under either provision, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy, and dismiss the claim or enter judgment on the pleadings if the complaint fails to state a legally sufficient claim." *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008).

The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. *See, e.g.*, *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Id.* at 555. The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* A claim is facially plausible when plaintiff

ORDER - 2

has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

**B.     Analysis**

Because plaintiff is asserting civil rights violations and is proceeding *pro se*, the Court construes his complaint liberally.[1] *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Even under a liberal construction, however, the Court will not supply essential facts plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

In this case, with a few exceptions, plaintiff simply lists the defendants' names without any factual allegations against them. For that reason alone, plaintiff has failed to state claims against nearly all of the defendants.

Even if the allegations had been tied to particular defendants, they are insufficient. Plaintiff contends that DOC forced him to sign a contract that imposed additional conditions on him during community confinement. After he allegedly violated two of those conditions, DOC returned him to prison. [Complaint at ¶¶ 6-8, 22-26]. Plaintiff also contends that DOC officials failed to inform him of the reasons for his arrest. [*Id.* at ¶ 10]. Although the complaint is somewhat unclear, it appears that plaintiff is alleging that DOC's addition of conditions was in

---

[1] Because plaintiff is *pro se*, the Court considered his response to the motion to dismiss despite its untimely filing.

itself a constitutional violation.[2]  However, Washington law explicitly permits DOC to impose additional conditions, including the requirement to obey all laws. RCW 9.94A.704. Furthermore, because plaintiff contends that the improperly added conditions led to his incarceration, plaintiff's Section 1983 claim seeks damages for violations that would necessarily imply the invalidity of his conviction and sentence. *See, e.g., Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Similarly, plaintiff's contention that DOC wrongfully denied him "good credit" to reduce his sentence is a challenge to a prison disciplinary sanction. *Id.*; *see also* Plaintiff's Statement of Genuine Issues at p. 6. As such, plaintiff's Section 1983 claims regarding the additional conditions, the allegedly deficient notice of the charges against him, the resulting imprisonment, and the loss of "credit"[3] are cognizable under Section 1983 only if he can establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *Id.*; *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1997). Plaintiff has not done so. The fact that plaintiff's sentence has run does not bar the application of the *Heck* doctrine because there is no evidence that plaintiff challenged his sentence through habeas or another procedure. *Heck*, 512 U.S. at 490 n.10; *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (distinguishing *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), in which Nonnette was permitted to bring a Section 1983 action because habeas relief was unavailable and plaintiff "timely pursued appropriate relief from prior convictions."). In *Guerrero*, the Ninth Circuit explained that plaintiff could not use his "'failure to timely pursue habeas remedies' as a shield against the implications of *Heck*." *Id.* (quoting *Cunningham v. Gates*, 312 F.3d 1148, 1154 n.3 (9th Cir. 2002)). Similarly, plaintiff's Section 1983 claim is

---

[2] Neither party has addressed whether such a claim would be time barred, but they should do so if plaintiff reasserts the claim in his amended complaint.

[3] To the extent that plaintiff is claiming that he should have been given a credit against his community custody time for the time spent in prison, that claim is untenable. RCW 9.94A.171(3) precludes the DOC from crediting a community custody term with confinement time. *See also In re Albritton*, 143 Wn. App. 584, 594 (2008). Because that claim fails as a matter of law, plaintiff is not granted leave to amend it.

ORDER - 4

undermined by his failure to pursue other remedies.

Plaintiff also contends that unnamed persons wrongfully placed him in the MCC mental health unit, placed him in a "suicide cell" for approximately three days, and placed him in a "'DRY' cell and suicide watch" for approximately one week. [Complaint at ¶¶ 13, 24, 27, 35]. However, prisoners do not have a liberty interest in remaining within the general prison population. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Nor does Washington law create a liberty interest in remaining in the general population. *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Although prisoners have a liberty interest in not being transferred for involuntary psychiatric treatment, plaintiff does not allege that he was transferred to a psychiatric institution or forced to undergo involuntary medical treatment.

In addition to asserting a due process claim based on his confinement, plaintiff alleges that the confinement violated his Eighth Amendment rights. Specifically, plaintiff contends that while he was in the "suicide cell" and on suicide watch, he was denied the right to recreation, hygiene items, pen and paper, and personal items, and was restrained whenever he was outside his cell. [Complaint at ¶ 27]. Because prison officials must be able to protect and control suicidal inmates, their temporary placement in "safety cells," even when those cells are small, dark, and "scary," does not violate the Eighth Amendment. *Anderson v. County of Kern*, 45 F.3d 1310, 1313-15 (9th Cir. 1995). The relevant inquiry is (1) whether placement of mentally disturbed or suicidal inmates in protective cells constitutes an infliction of pain or a deprivation of basic human needs, such as adequate food, clothing, shelter, sanitation, and medical care, and (2) if so, whether prison officials acted with the requisite culpable intent such that the infliction of pain is "unnecessary and wanton." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In prison conditions cases, prison officials act with the requisite culpable intent when they act with deliberate indifference to an inmate's suffering. *Hewitt*, 459 U.S. at 468. In this case, according to plaintiff's own allegations, the deprivations were of short duration and did not deprive him of basic human needs. Plaintiff also fails to allege that the unnamed defendants acted with culpable intent. Instead, the documents plaintiff has appended to his complaint show that the restrictions

ORDER - 5

were made at the direction of health care professionals. [Complaint at Appendix].

Nor do the other actions about which plaintiff complains rise to the level of an Eighth Amendment violation. For example, plaintiff alleges that he was forced to wear restraints when he was escorted to and from his cell, but he has failed to allege any details to show that the restraints were unreasonable. *See, e.g.*, *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Plaintiff also contends that when he arrived at the Shelton facility, he was left in his cell for four hours naked while unnamed guards played the soundtrack to "Willy Wonka and the Chocolate Factory" over the intercom into his cell. [Complaint at ¶ 9]. That allegation, though bizarre, does not amount to cruel and unusual punishment. Nor does the verbal taunting plaintiff contends he was later subjected to rise to the level of a constitutional violation. "[V]erbal harassment generally does not violate the Eighth Amendment." *Keenan*, 83 F.3d at 1092; *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Similarly, plaintiff claims that after he complained about a verbal altercation with another inmate, an unnamed officer threatened to "cell" him if he complained again about the other inmate. [Complaint at ¶ 17]. However, "a mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam). Therefore, the various threats and taunts plaintiff alleges do not amount to a violation of his Eighth Amendment rights. Although plaintiff contends that he was subjected to various strip searches, he provides no details that would support a constitutional violation under either the Fourth or Eighth Amendments.

Finally, plaintiff's extensive list of defendants includes Governor Gregoire, former state prison director Eldon Vail, the Superintendent at the Washington Department of Corrections, and other DOC officials. State officials acting in their official capacities are not "persons" under Section 1983 and cannot be sued for money damages in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Rather, an official capacity suit against a state official is merely an alternate means of pleading an action against an entity of which the defendant is an officer. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Even if the state entity is amenable to

suit in federal court, plaintiff must demonstrate that a policy or custom of the government entity was the moving force behind the violation. *See, e.g.*, *id.* Although plaintiff acknowledges that principle, he does not identify any policy or custom that allegedly caused the constitutional violations.

Although state officials sued in their personal capacities are "persons" for purposes of the statute, a plaintiff must show that the individual caused the alleged constitutional injury. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendants cannot be held liable based on a theory of respondeat superior or vicarious liability. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The complaint is devoid of any allegations against the vast majority of the defendants. Nor does plaintiff allege that those defendants personally participated in the alleged constitutional deprivations. For all of the foregoing reasons, plaintiff's claims are insufficiently pled.

**C. Leave to Amend**

Acknowledging deficiencies in his complaint, plaintiff requests leave to amend. Although defendants argue that amendment would be futile, it is not "absolutely clear that no amendment can cure the defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, judgment on the pleadings would be premature. Similarly, before reviewing the proposed amendments, the Court cannot evaluate defendants' claim that at least some of them are entitled to immunity.[4]

Plaintiff is granted leave to amend his claims to attempt to remedy the deficiencies set forth above. The amended complaint must set forth specific facts, rather than just conclusions, and must explain which defendants are responsible for which wrongful actions. If plaintiff no longer asserts claims against some of the defendants, he may voluntarily dismiss them from the

---

[4] Defendants contend that some of the defendants are entitled to absolute immunity for their role in participating in the January 2009 violator hearing. Because neither plaintiff's complaint nor defendants' filings state which defendants were involved in that hearing or describe their roles, an adjudication of absolute immunity would be premature.

ORDER - 7

1 | lawsuit by removing their names from the amended complaint.

2 | To amend his complaint, plaintiff must file an amended complaint in the docket within thirty days of the date of this order. If filed, the amended complaint will supercede the original complaint and will become the operative pleading.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES defendants' motion for judgment on the pleadings (Dkt. #22) and GRANTS plaintiff's motion to amend (Dkt. #24). As set forth above, plaintiff may file an amended complaint within thirty days of the date of this order. If plaintiff fails to file an amended complaint within that time, the Court will grant defendants' motion for judgment on the pleadings.

IT IS SO ORDERED this 12th day of September, 2011

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE