HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW STRICK,

    Plaintiff,

v.

DOUG PITTS, et al.,

    Defendant.

No. 11-05110-RBL

ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) [Dkt. #32] AND GRANTING MOTION TO AMEND [Dkt. #35]

This matter comes before the Court on Defendants' Motion to Dismiss First Amended Complaint under Fed. R. Civ. P. 12(b)(6). [Dkt. #32]. Plaintiff, who is proceeding *pro se*, brings this suit under 42 U.S.C. § 1983, and alleges various constitutional violations under the Fourth, Sixth, Eighth, and Fourteenth Amendments, and alleges a violation under the Americans with Disabilities Act. After Defendants filed their motion, Plaintiff filed a second motion for leave to file an amended complaint. [Dkt. #35].

For the reasons set forth below, the Court DENIES the Motion to Dismiss and GRANTS leave to amend.

## I.    FACTS

In January 2005, Plaintiff pled guilty in Thurston County Superior Court to second degree assault. He was sentenced to confinement for twelve months plus one day and community custody for thirty-six months.

Order - 1

Plaintiff contends that in January 2009, while he was in community custody, he was arrested by Department of Corrections (DOC) Community Custody Officers (CCO) and charged with failing to obey all laws and threatening staff. Pl.'s First Am. Compl. at 11 [Dkt. #29]. After his arrest, Plaintiff was transported to the Washington Corrections Center (WCC) in Shelton, Washington. On or about January 8, 2009, he was transferred to the Monroe Correctional Complex (MCC), where he was housed in the mental health unit for one week until his transfer to the "F-Units." *Id.* at 12, 13. Plaintiff was released into community custody on February 25, 2010.

The Plaintiff has brought this suit under 42 U.S.C. §1983, and alleges various constitutional claims and a claim under the ADA. The Plaintiff argues that the Defendants' violated his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments, and the ADA based on the fact and circumstances surrounding the following: his signing of conditions of community custody and supervision in September 2005 and August 2006; his arrest in 2009; his housing assignments while in confinement; and the conditions of his confinement. *See generally* Am. Compl.

The Defendants have moved for dismissal under Rule 12(b)(6). *See* Def. Mot. to Dismiss. They argue that Plaintiff has failed to state a claim, and in any event, they are entitled to qualified immunity. *Id.*

## II.   DISCUSSION

The Plaintiff again acknowledges deficiencies in his Complaint, and he requests leave to file an amended complaint. *See* Pl. Mot. to Amend Compl. [Dkt. #35]. The Defendants' argue that granting leave to amend would be futile and therefore, the Complaint should be dismissed. *See* Defs.' Mot. to Dismiss [Dkt. #32]. Rule 15(a) of the Federal Rules of Civil Procedure

provides that leave to amend "shall be freely given when justice so requires." In deciding whether to grant a motion to amend, the Court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis,* 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City,* 125 F.3d 777, 785 (9th Cir.1997). Because the Plaintiff is proceeding *pro se*, unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dept' of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

The Plaintiff was granted leave to amend his claims and remedy the deficiencies of his original Complaint, and failed to do so. The Amended Complaint does not set forth specific facts, it is conclusory, and does not explain which Defendants are responsible for which wrongful action. While the Plaintiff does allege personal participation by some of the Defendants in the facts section of his Complaint, the Plaintiff mostly fails to allege personal participation by any of the Defendants when setting forth his alleged causes of action.

Further, the Plaintiff's constitutional claims regarding the DOC imposing additional conditions during his community confinement are untenable. Not only does Washington law explicitly permit the DOC to impose additional conditions, but also, the claims are not timely because they are subject to a three-year statute of limitations, and the conditions were imposed more than three years prior to the commencement of this action. RCW 9.94A.704; RCW 4.16.080(2); *Wallace v. Kato*, 549 U.S. 384 (2007).

Additionally, the Plaintiff's claim that he should have been given credit against his community custody time for the time spent in prison is precluded because Washington law does

not allow the DOC from crediting a community custody term with confinement time. RCW 9.94A.171(3); *In re Dalluge*, 162 Wn.2d 814, 815 (2008). Because this claim fails as a matter of law, Plaintiff is not granted leave to amend it.

Nevertheless, dismissal of Plaintiff's Complaint would be premature. Although Defendants argue that allowing the Plaintiff to amend his Complaint for a second time would be futile, it is not "absolutely clear that no amendment can cure the defects[s]." *Id.* Thus, the Plaintiff has one final opportunity to amend his claims and remedy the deficiencies as set forth above. The second amended complaint must set forth specific facts, rather than just conclusions, and must explain which Defendants are responsible for which wrongful actions. If Plaintiff no longer asserts claims against some of the Defendants, he may voluntarily dismiss them from the lawsuit by removing their names from the amended complaint.

To amend his complaint, Plaintiff must file an amended complaint in the docket within fifteen days of the date of this order. If filed, the amended complaint will supersede the First Amended Complaint and will become the operative pleading. However, if the Plaintiff does not file an amended complaint or does not remedy the deficiencies of his Complaint, the Court will grant the Defendants' Motion to Dismiss.

Lastly, before reviewing the proposed amendments, the Court cannot evaluate Defendants' claim that some of the Defendants are entitled to qualified immunity.

### III.   CONCLUSION

For all the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss under 12(b)(6) [Dkt. #32] and GRANTS Plaintiff's Motion to Amend [Dkt. #35]. As set forth above, Plaintiff may file a second amended complaint within fifteen days of the date of this order. If

Plaintiff fails to file an amended complaint within that time or fails to remedy the deficiencies of the First Amended Complaint, the Court will grant Defendants' Motion to Dismiss.

Dated this 9th day of March, 2012.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE